UNITED STATES SAVINGS BANK OF NEWARK, NEW JERSEY, a corporation of the State of New Jersey, complainant-respondent,

*v.*

CONGREGATION RABBI MEYER ISSERMAN, a corporation of the State of New Jersey, et al., defendants-appellants.

UNITED STATES SAVINGS BANK OF NEWARK, NEW JERSEY, a corporation of the State of New Jersey, complainant-respondent,

*v.*

BETTY ISSERMAN and ALEXANDER ISSERMAN, defendants-appellants.

[Submitted May 26th, 1933. Decided September 27th, 1933.]

*Mr. Jacob S. Glickenhaus,* for the defendants-appellants.

*Mr. Joseph Kahrs,* for the complainant-respondent.

The opinion of the court was delivered by

KAYS, J.

'This is an appeal from two orders advised by Vice-Chancellor Berry dismissing applications to set aside sheriff's sales of real estate under foreclosure of two certain mortgages. The petitions asked that these sales be set aside and the final decree be vacated, opened or modified for the reason that subpœnas were not served on the defendants and also because certain negotiations of settlement had been had between the parties, during which negotiations the appellant did not know that a foreclosure suit was pending until a few days prior to the sheriff's sale. The sale was held and the property purchased by the bank on its bid of $100. The subpœnas and the service and return thereof appear regular on their face and no attack was made on the service of these subpœnas prior to the entry of the decree or prior to the sheriff's sale. This question was not raised until after the sale. After the decree was obtained the sheriff advertised the premises for sale for August 30th, 1932. At the request of the appellants, the sale was adjourned until September 6th, 1932, and then again adjourned to September 13th, 1932, and again to September 20th, 1932, and again to September 27th, 1932. After this, without the consent of the solicitor of the complainant, the appellants obtained from the sheriff of Essex county a further adjournment of two weeks. After this another attorney was substituted as solicitor of the de-

fendants and another adjournment was obtained through him until October 18th, 1932. Application was then made to the court of chancery on November 29th to vacate the final decree and restrain the confirmation of the sheriff's sale which had been held on October 18th, 1932. This application was denied and from the order denying the same this appeal was taken. No one had appeared for the defendants on the day of the sale and no application prior to the sale was made to set aside the decree.

We are of the opinion that under the facts as they appear by the affidavits filed in this case the court of chancery was justified in denying the application to set aside the sale or open the decree.

There appears to be a question raised about the payment of taxes by the respondent which were charged in the complaint as having been paid by the complainant and which were allowed by the master in his report. The respondent, however, prior to the sale admitted that the charging of these taxes against the defendant in the case of the bank against Betty Isserman et al., was in error and credited the amount so charged for said taxes on the execution. It therefore appears that the respondent had received credit for the same and that she, therefore, was not injured as no such claim had been made by the defendant, Betty Isserman, prior to the entry of the decree. Since this allowance has been made voluntarily and admitted by the respondent we think justice has been done in relation thereto.

The two orders of the vice-chancellor in the cases before us are, therefore, affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.